UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROFESSIONAL FIGHTERS LEAGUE, LLC,

                Plaintiff,

v.

MILLIONS.CO INC.,

                Defendant.

No. 24-CV-8124 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Professional Fighters League, LLC brought this action against Defendant Millions.co Inc. for breach of contract. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    On October 25, 2024, Plaintiff, who is represented by counsel, filed a complaint. *See* ECF No. 1. On October 30, 2024, the Court issued an Order and Notice of Initial Conference setting an initial status conference for January 3, 2025 and requiring the parties to submit a joint letter and proposed case management plan and scheduling order one week in advance of the conference. ECF No. 2. Because the parties never submitted materials in advance of the conference, and Plaintiff never filed a request for issuance of a summons, the conference was not held. On January 28, 2025, the Court issued an order directing Plaintiff to submit a letter by February 4, 2025 as to why it had failed to serve the summons and Complaint within the 90 days prescribed by Federal Rule of Civil Procedure 4(m), or, if Defendant had been served, stating when and in what manner service was made. ECF No. 3. The Court warned that if no letter was filed by February 4, 2025 the case would be dismissed. *Id.* By February 10, 2025, no letter had

yet been filed. Accordingly, the Court ordered Plaintiff to file a letter explaining its failure to serve Defendant no later than February 14, 2025. ECF No. 4. The Court warned that if Plaintiff did not do so by February 14, 2025, the action would be dismissed. *Id.* By February 24, 2025, no letter had been received. The Court issued an order informing Plaintiff that it would provide Plaintiff "one last opportunity" to file a letter by February 27, 2025, or the action would be dismissed pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 5. To date, no letter has been filed. Indeed, Plaintiff has not filed anything on the docket since October 25, 2024.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard

2

by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the four months that this case has been pending, and Plaintiff has not filed anything on the docket apart from the complaint. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff ha[d] not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff had repeatedly failed to meet deadlines and his response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that its failure to comply would result in dismissal: the Court's orders on January 28, 2025, February 10, 2025, and February 24, 2025 explicitly warned Plaintiff that this action would be dismissed if it failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard; indeed, Plaintiff was required only to provide the Court a letter

explaining why it had failed to serve the summons and Complaint. Fourth, this case has been pending for over four months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendant has been minor: this case is at an early stage, and based on the record, it does not appear that Defendant has had any substantive involvement in the case. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court and to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (quoting *Amoroso v. County of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010))).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:    March 4, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge